# IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF TEXAS
## MARSHALL DIVISION

| | | |
|---|---|---|
| EXITEXCHANGE CORP., a Texas corporation, | § § § | Case No. |
| Plaintiffs, | § § | |
| v. | § § | **JURY TRIAL DEMANDED** |
| KAYAK SOFTWARE CORPORATION, a Delaware corporation, | § § § | |
| Defendants. | § § | |

### COMPLAINT FOR PATENT INFRINGEMENT

Plaintiff ExitExchange Corp., ("ExitExchange") sues Kayak Software Corporation. (hereinafter "Defendant") and, on information and belief, alleges as follows:

### INTRODUCTION

1.     Plaintiff ExitExchange Corp. ("ExitExchange") owns the inventions described and claimed in United States Patent No. 7,353,229 B2 entitled "Post-Session Internet Advertising System" (the "'229 Patent").  Defendant (a) used and continues to use Plaintiff's patented technology to make pop-under advertisements that Defendant make, use, import, sell, and offer to sell, and (b) contributed to or induced, and continues to contribute to or induce others to infringe the Patent.  ExitExchange seeks damages for patent infringement and an injunction preventing Defendant from making, using, selling, or offering to sell, and from contributing to and inducing others to make, use, sell, or offer to sell, the technology claimed by the Patent without Plaintiff's permission.

## JURISDICTION AND VENUE

2.     This is an action for patent infringement arising under the patent laws of the United States, 35 U.S.C. §§ 271 and 281, et seq.  The Court has original jurisdiction over this patent infringement action under 28 U.S.C. § 1338(a).

3.     Defendant committed acts and continues to commit acts within this judicial district giving rise to this action.  Venue is proper in this district pursuant to 28 U.S.C. § 1391(b) and § 1400.

## PLAINTIFF EXITEXCHANGE

4.     Plaintiff ExitExchange is a corporation existing under and by virtue of the laws of the State of Texas.

## THE PATENT

5.     The United States Patent and Trademark Office issued the '229 Patent (attached as exhibit A) on April 1, 2008.  Through assignment, Plaintiff is the owner of all right, title, and interest in the Patent, including all rights to pursue and collect damages for past infringement of the Patent.

## DEFENDANT

6.     Upon information and belief, Defendant is a corporation organized and existing under the laws of Delaware, with its principal place of business at 55 North Water Street, Norwalk, CT 06854.

## CLAIM FOR PATENT INFRINGEMENT
## (Infringement of the '229 patent)

7.      Plaintiff incorporates by reference each of the allegations in paragraphs 1 – 6 above and further alleges as follows:

8.      The United States Patent and Trademark Office issued the '229 patent on April 1, 2008. Plaintiff is the owner of the '229 Patent with full rights to pursue recovery of royalties or damages for infringement of said patent, including full rights to recover past and future damages.

9.      The '229 Patent covers systems and methods for providing a type of Internet advertisement commonly known as pop-under advertisements. Pop-under advertisements are advertisements that open behind a browser window. Because the pop-under advertisement is opened behind the web browser, the pop-under advertisement is at least partially obscured by the web browser at the time that it is opened.

10.     Defendant manages and controls a website which will open in a web browser. http://www.kayak.com/hotels#/Portland,OR,Portland-PDX-c27946-lPDX/2013-05-08/2013-05-10/2guests .

11.     The resulting pop-under advertisement is at least partially obscured by the web browser.  As an example, links to the resulting pop-under advertisements are at, respectively:

| http://www.booking.com/searchresults.html?city=20104927&label=ufi-P20104927&utm_term=ufi-P20104927&utm_source=kayak&utm_medium=SPPC&utm_content=ct&utm_campaign=us&checkin_monthday=08&checkin_year_month=2013-05&checkout_monthday=10&checkout_year_month=2013-05&do_availability_check=1&selected_currency=USD&lang=en&aid=356924 |
| --- |
| http://www.priceline.com/hotel/searchResults.do?jsk=5064010a5463010a20130506201409fd3011619569&key=hge3833r&showDP=y |
| http://www.expedia.com/Hotel-Search?mdpdtl=HTL%3APortland&mctc=3&MDPCID=US.META.KAYAK.FRONT-DOOR.HOTEL#destination=Portland%2C+OR&startDate=05%2F08%2F13&endDate=05%2F10%2F13&adults=2 |
| http://www.hotwire.com/hotels/results?searchId=7225680795&fromClassic=true |
| http://travel.travelocity.com/hotel/HotelAvailability.do;jsessionid=849B4E54ED81507265B708465CEC760F.pwbap044a?Service=TRAVELOCITY&SEQ=1367871248608462013&pathIndicator=HOTEL_FRONTDOOR&leavingDate=05/08/2013&re |

turningDate=05/10/2013&dateLeavingMonth=5&state=OR&city=Portland&dateRet
urningMonth=5&dateReturningDay=10&cityCountryCode=US&dateFormat=mm/d
d/yyyy&dateLeavingDay=8&

http://www.priceline.com/hotel/searchResults.do?jsk=5064010a5463010a20130506
201409fd3011619569&key=hge3833r&showDP=y

Defendant infringes the '229 Patent by using the systems and methods claimed in the '229 Patent

to make, use, sell, or offer to sell pop-under advertisements.

12.    Defendant has infringed the '229 patent, and unless enjoined, will continue to do

so by using systems and methods of making pop-under advertisements that infringe the claims of

the '229 Patent.  In the alternative, Defendant induces infringement or contributes to the

infringement of the '229 Patent by website publishers, ad servers, ad networks, advertisers,

and/or viewers of the advertisements, with knowledge that its acts are infringing. Use of such

systems and methods has no substantially non-infringing use.  Defendant engages in such

inducement knowingly and, at least from the time of receipt of the present Complaint, has done

so with knowledge that such activity encourages publishers, ad servers, ad networks, advertisers,

and/or viewers to directly infringe the '229 patent.

13.    Plaintiff has been damaged by Defendant' infringements of the '229 patent and

will suffer additional irreparable damage and impairment of the value of its patent rights unless

Defendant is enjoined from continuing to infringe the '229 patent.

14.    Plaintiff is entitled to recover damages from the Defendant to compensate for the

infringement.

15.    Plaintiff demands trial by jury of all issues relating to this claim.

16.    Upon information and belief, at least since the time of service of this complaint,

Defendant's acts of infringement have been, and continue to be committed with full knowledge

of Plaintiff's rights in the '229 Patent, and in willful and wanton disregard of Plaintiff's rights,

rendering this an exceptional case under 35 U.S.C. § 285.

### PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays for judgment as follows:

A.      A decree preliminarily and permanently enjoining Defendant, its officers,

directors, employees, agents, and all persons in active concert with them, from infringing, and

contributing to or inducing others to infringe the '229 patent;

B.      Compensatory damages for Defendant's infringement of the '229 patent;

C.      Treble the compensatory damages as a consequence of Defendant's willful

infringement;

D.      Costs of suit and attorneys' fees;

E.      Pre-judgment interest;

F.      For such other relief as justice requires.

### DEMAND FOR JURY TRIAL

ExitExchange demands trial by jury on all claims and issues so triable.


Respectfully submitted,


Dated: May 10, 2013

By:     Elizabeth L. DeRieux
        Susan D. Pitchford
        (*To Be Admitted Pro Hac Vice*)
        Chernoff Vilhauer LLP
        601 SW Second Avenue
        Suite 1600
        Portland, OR 97204
        Telephone: (503) 227-5631
        Facsimile: (503) 278-4373
        Email: sdp@chernofflaw.com

        S. Calvin Capshaw
        State Bar No. 03783900
        Elizabeth L. DeRieux

State Bar No. 05770585
Jeffrey D. Rambin
State Bar No. 00791478
CAPSHAW DERIEUX, L.L.P.
114 E. Commerce Ave.
Gladewater, Texas 75647
Telephone: (903) 236-9800
Facsimile: (903) 236-8787
Email: ccapshaw@capshawlaw.com
Email: ederieux@capshawlaw.com
Email: jrambin@capshawlaw.com


ATTORNEYS FOR PLAINTIFF
EXITEXCHANGE, CORP.